IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEALTH TRACKER SYSTEMS LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>POLAR ELECTRO, INC.,<br><br>*Defendant*. | Case No. 22-cv-06484<br><br>DEMAND FOR JURY TRIAL |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. Health Tracker Systems LLC ("Health Tracker" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Polar Electro, Inc. ("Polar Electro" or "Defendant"), alleging infringement of the following patent (the "Patent-in-Suit"): alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 6,582,380 titled "Systems and methods for embedding commercial information into broadcast media" (the "'380 Patent"), attached hereto as Exhibit A.

### NATURE OF THE ACTION

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

### PARTIES

3. Plaintiff Health Tracker Systems LLC is a limited liability company organized pursuant to the provisions of the Delaware Limited Liability Company Act, Title 6 Del. C. §§ 18-101 et seq., as amended from time to time (the "Act"), with a registered office at 251 Little Falls Drive, Wilmington, DE 19808 and may be served via its registered agent, Corporation Service

Company, 251 Little Falls Drive, Wilmington, DE 19808.

4. On information and belief, Defendant Polar Electro, Inc. is a corporation organized and existing under the laws of New York, maintaining its principal place of business at 15 Grumman Rd W, Bethpage, NY 11714. Polar Electro, Inc. may be served via its registered agent, Corporation Service Company, 80 State St, Albany, NY 12207.

## JURISDICTION AND VENUE

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of New York and the Southern District of New York; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of New York and in this district; (3) Defendant has sought protection and benefit from the laws of the State of New York; (4) Defendant regularly conducts business within the State of New York and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of New York and in this district; and (5) Defendant has purposely availed itself of the privileges and benefits of the laws of the State of New York.

7. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of New York, and the Southern District of New York including but not limited to the products which contain the infringing elements as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of New York and in this district; Defendant solicits and has

solicited customers in the State of New York and in this district; and Defendant has paying customers who are residents of the State of New York and this district and who each use and have used the Defendant's products and services in the State of New York and in this district.

8. Venue is proper in the Southern District of New York over Defendant Polar Electro, Inc. pursuant to 28 U.S.C. §§ 1400(b). Defendant is incorporated in this district, has a regular and established place of business in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district. For example, Defendant Polar Electro, Inc. maintains a regular and established place of business at 15 Grumman Rd W, Bethpage, NY 11714.

## PATENT-IN-SUIT

9. Plaintiff incorporates the above paragraphs herein by reference.

10. On June 24, 2003, United States Patent No. 6,582,380 titled "System and method of monitoring and modifying human activity-based behavior" was duly and legally issued by the United States Patent and Trademark Office. The '380 Patent is presumed valid and enforceable.

11. The '380 Patent expired on January 24, 2020.

12. Plaintiff is the assignee of all right, title and interest in the '380 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '380 Patent.

13. The '380 Patent includes claims directed towards monitoring the activity level of one or more individuals and modifying the behavior of those individuals based on feedback from the activity level monitoring is disclosed. *See* Ex. A at 1:13-17.

14. The inventions disclosed in the Patent-in-Suit were not well-understood, routine, or conventional. At the time the '380 Patent was filed, Attention Deficit Hyperactivity Disorder was

the most commonly diagnosed behavior disorder in children and was commonly treated with psychostimulant medications. *See* Ex. A at 1:20-26. However, there was a dearth of safety information regarding the long-term effects of psychostimulant usage in children. *See* Ex. A at 1:27-28. Moreover, negative side effects resulting from psychostimulant usage as well as parental concern regarding long-term medication of children led to exploration alternative treatments for ADHD. *See* Ex. A at 1:29-33.

15. As a result, methods were explored involving behavioral modification through feedback and operant conditioning. *See* Ex. A at 1:34-37. For instance, a device was developed which measured the activity of a hyperactive child and provided feedback through a set of headphones. *See* Ex. A at 1:40-42. However, headphones are not only bulky but also conspicuous, potentially stigmatizing the wearing of such a device and preventing the wearer from maintaining privacy. *See* Ex. A at 1:61-67. Moreover, the device only measured when a hyperactivity threshold was crossed but did not measure the intensity of the hyperactivity. *See* Ex. A at 2:10-13. Finally, since the child only received alarms when the threshold was exceeded, the child did not have access to cumulative totals and therefore the average activity level over the course of the day. *See* Ex. A at 2:13-17.

16. The Patent-in-Suit addressed these technical challenges by, for example, teaching an invention that monitors the intensity of the physical activity of the wearer as well as variations in those activity levels over a given period of time and which can be implemented in a device much less conspicuous than headphones. *See* Ex. A at 3:28-44; 5:49.

17. The claims of the '380 Patent do not merely recite the performance of a familiar business practice with a requirement to perform it on the Internet. Instead, the claims recite one or more inventive concepts that are rooted in improving the efficiency of activity monitors while

reducing their size.

18. Moreover, the inventions taught in the '380 Patent, which are rooted in improving the efficiency of activity monitors while reducing their size, cannot be performed with pen and paper or in the human mind. Additionally, because the '380 Patent teaches a mechanism to improve the efficiency of activity monitors while reducing their size, the solutions it teaches are not merely drawn to longstanding human activities.

## ACCUSED PRODUCTS

19. Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to the Polar Vantage V (the "Accused Products" or "Accused Instrumentality"). The Accused Instrumentality is a smartwatch that can be worn by the user to track activities like steps, exercise, and heart rate. The smartwatch incorporates sensors which can differentiate various activity levels performed by a user, such as running, walking, and sleeping. The user can see the activity progress via the smartwatch's UI and/or the Polar Flow mobile app.

## COUNT I
### (Infringement of U.S. Patent No. 6,582,380)

20. Plaintiff incorporates the above paragraphs herein by reference.

21. The '380 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on June 24, 2003. The '380 Patent is presumed valid and enforceable. See 35 U.S.C. § 282.

22. Plaintiff is the owner by assignment of the '380 Patent and possesses all rights of recovery under the '380 Patent, including the exclusive right enforce the '380 Patent and pursue lawsuits against infringers.

23. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287 with regard to the '380 Patent, Plaintiff has complied with such requirements.

24. Without a license or permission from Plaintiff, Defendant has infringed one or more claims of the '380 Patent by importing, making, using, offering for sale, or selling products and devices (or services) that embody the patented inventions, including, without limitation, one or more of the patented '380 systems and methods, in violation of 35 U.S.C. § 271.

**Direct Infringement – 35 U.S.C. § 271(a)**

25. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

26. Without a license or permission from Plaintiff, Defendant has infringed one or more claims of the '380 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '380 systems and methods, in violation of 35 U.S.C. § 271.

27. Defendant has directly infringed by, among other things, practicing all of the steps of the '380 Patent by, for example, internal testing, quality assurance, research and development, and troubleshooting. *See, e.g., Waymark Corp. v. Porta Sys. Corp.,* 245 F.3d 1364, 1366 (Fed. Cir. 2001) (noting that "testing is a use of the invention that may infringe under § 271(a)").

28. By way of example, Defendant has infringed one or more claims of the '380 Patent, including at least Claim 58. Attached hereto as Exhibit B is an exemplary claim chart providing evidence that illustrates a mapping of Claim 58 of the '380 Patent and an exemplary Accused Product.

**Plaintiff Suffered Damages**

29. Defendant's acts of infringement of the Patent-in-Suit have caused damage to

Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. The precise amount of damages will be determined through discovery in this litigation and proven at trial.

## REQUEST FOR RELIEF

30. Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a) enter a declaration that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the Patent-in-Suit;

(b) enter a judgment awarding Plaintiff all damages adequate to compensate it for Defendant's infringement of the Patent-in-Suit, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c) award Plaintiff all other relief that the Court may deem just and proper.


Dated: July 31, 2022                    Respectfully submitted,

                                        /s/ Nicholas Loaknauth
                                        SDNY Bar No. NL0880
                                        LOAKNAUTH LAW, P.C.
                                        1460 Broadway
                                        New York, New York 10036
                                        Tel: (212) 641-0745
                                        Fax: (718) 301-1247
                                        Email: nick@loaknauthlaw.com


                                        Kirk. J. Anderson (CA SBN 289043)
                                        (*Pro Hac Vice forthcoming*)
                                        kanderson@budolaw.com

BUDO LAW, P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

***Attorney(s) for Plaintiff Health Tracker Systems LLC***